**IN THE**

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MARYLAND**

_____

**Civil No. AW-07-1730**

_____

**BEVERLY BYRD, et al.,**

**Appellants**

**vs.**

**JAMES M. HOFFMAN, et al.,**

**Appellees**

_____

**Appeal from the**
**United States Bankruptcy Court**
**for the**
**District of Maryland**
**(Southern Division)**
**(Hon. Thomas J. Catliota)**

_____

**BRIEF OF APPELLANTS**
**BEVERLY S. BYRD and RALPH T. BYRD**

_____

**By:** _____

**Ralph T. Byrd**
**Trial Bar 25559**
**P.O. Box 5278**
**Laytonsville Maryland 20882**
**(301) 774-3117**

**July 17, 2007**

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................... i

TABLE OF AUTHORITIES ............................................................. ............................ii

JURISDICTIONAL STATEMENT ......................................................................................... 1

ISSUE PRESENTED ...........................................................................................................1

STANDARD OF APPELLATE REVIEW............................................................................... 2

STATEMENT OF THE CASE AND PERTINENT FACTS.............................................. 2

ARGUMENT ....................................................................................................................4

    I.     There Is No Authority For The Proposition That A State Court
         Complaint Can Violate The Automatic Stay Or The Barton
         Doctrine Before The Complaint Is Even Served.  . . . . . . . . . . . . . . . . . 16

    II.    Since The Debtors'  State Court Complaint Was Filed In Response
         To State Court Activity By The Trustee And His Counsel Against
         Appellant Ralph Byrd, The State Court Complaint Violated
         Neither The Automatic Stay Nor The Barton Doctrine. . . . . . . . . . . . .17

    III.   The Constructive Trust Count In The State Court Complaint
         Did Not Violate The Automatic Stay Where The Constructive
         Trust Count Is Contingent On The Outcome Of The State Court
         Litigation As Well As The Discretion Of The State Court? . . . . . . . .. 18

    IV.   11 U.S.C.A. 363(f)1 Expressly Makes Sales Of Estate Property
         Subject To Such A Complaint. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

    V.    The Bankruptcy Court Committed Error In its Order Denying
         Reconsideration When, Without Conducting A Hearing Or
         Otherwise Taking Evidence It Made A Finding That The Debtors
         "Surreptitiously" Filed The State Court Complaint ?  . . . . . . . . . . . . . 20

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. .. .. . . . . . . . . . . . . . . . . . . .. . . 21

REQUEST FOR ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . .... ...... . . . . . . . . . . .22

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

# TABLE OF AUTHORITIES

Page

*Amedisys, Inc. v. Nat'l Century Fin. Enters.*, 423 F.3d 567 (6th Cir. 2005)..........................18

*Atlas Mach. & Iron Works v. Bethlehem Steel*
986 F.2d 709, 716 (4th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*In re Briarwood Hills Associates, L.P.*, Bkrtcy., 237 B.R. 479, W.D. Mo.1999 . . . . . . . . . .18

*In re Filby,* Bkrtcy. D.N.H.1998, 225 B.R. 532 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

*In re Genesys Data Technologies. Inc.,* 204 F.3d 124 (4th. Cir. 2000) . . . . . . . . . . . . . . . .1

*In re Knightsbridge Dev. Co.* 884 F. 2d 145 (4th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . .18

*In re: Norcia* 255 B.R. 394 (D. Md. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . .1

*In re Saxon Industries, Inc.,* Bkrtcy. 43 B.R. 64, S.D.N.Y. 1984 . . . . . . . . . . . . . . . . . . . . . .18

*In re Varat,* 81 F.3d 1310, 1317 (4th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

*Nestorio v. Associates Commercial Corp.,* 250 B.R. 50,
affirmed 246 F.3d 666 (4th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Republic of Rwanda v. Uwimana,* 255 B.R. 669 (D.Md. 2000) . . . . . . . . . . . . . . . . . . . . . . 1

*Willemain v. Kivitz,* 764 F.2d 1019 (4th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## IN THE

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MARYLAND

_____

### Civil No. AW-07-1730
_____

### BEVERLY BYRD, et al.,

**Appellants**

**vs.**

### JAMES M. HOFFMAN, et al.,

**Appellees**

_____

**Appeal from the
United States Bankruptcy Court
for the
District of Maryland
(Southern Division)
(Hon. Thomas J. Catliota)**
_____

**BRIEF OF APPELLANTS
BEVERLY S. BYRD and RALPH T. BYRD**
_____

### APPELLATE JURISDICTION

This appeal is as of right pursuant to 28 U.S.C. Sec. 158(a).

### STANDARD OF APPELLATE REVIEW

An appellate court reviews a bankruptcy court's conclusions of law _de novo_,
viewing evidence in a light most favorable to the non-moving party. _In re Genesys Data
Technologies. Inc.,_ 204 F.3d 124 (4th. Cir. 2000); _Atlas Mach. & Iron Works v. Bethlehem
Steel,_ 986 F.2d 709, 716 (4th Cir. 1993); _Republic of Rwanda v. Uwimana,_ 255 B.R. 669
(D.Md. 2000); _In re: Norcia_ 255 B.R. 394 (D. Md. 2000); _Nestorio v. Associates Commercial
Corp.,_ 250 B.R. 50, affirmed 246 F.3d 666 (4th Cir. 2000).

## STATEMENT OF ISSUES

1. Can A State Court Complaint Violate The Automatic Stay
Or The Barton Doctrine Before The Complaint Is Even Served?

2. Does A State Court Complaint Filed In Response To State Court
Activity By The Trustee And His Counsel Violate The Automatic
Stay Or The Barton Doctrine?

3. Did The Constructive Trust Count In The State Court Complaint
Violate The Automatic Stay Where The Constructive Trust Count
Is Contingent On The Outcome Of The State Court Litigation
And Within The Equitable Discretion Of The State Court?

4. Does 11 U.S.C.A. 363(f)1 Expressly Make Sales Of Estate Property
Subject To Such A Complaint.

5. Did The Bankruptcy Court Commit Error In its Order Denying
Reconsideration When, Without Conducting A Hearing Or
Otherwise Taking Evidence, It Made A Finding That The Debtors
"Surreptitiously" Filed The State Court Complaint ?

## STATEMENT OF THE CASE

### Introduction

This appeal seeks review of the Bankruptcy Court's May 24, 2007 Amended

Order Granting In Part Trustee's Emergency Motion For Relief Due To Violations Of

Automatic Stay, Enjoining Respondents And Declaring Complaint Void In Part and

from the June 7, 2007 Order Denying Reconsideration. The Trustee had filed the motion

in response to Beverly and Ralph Byrd's complaint for abuse of process, civil

conspiracy, aiding and abetting and constructive trust filed in the Circuit Court for

Montgomery County Maryland.

### Facts

On December 14, 2001, Platinum Financial Services Corporation

(hereinafter "Platinum"), as a sole petitioning creditor, filed an Involuntary Chapter 7

Bankruptcy Petition against Appellant Ralph T. Byrd, a solo practitioner attorney, in the

United States Bankruptcy Court for the District of Maryland.

On July 17, 2002, the Bankruptcy Court granted summary judgment in favor of Platinum and entered an Order For Relief.

On July 18, 2002 the Court appointed a Chapter 7 Trustee.

On July 24, 2002 Byrd filed a Notice of Appeal to the United States District Court seeking de novo review of all aspects of the Bankruptcy Court's summary judgment ruling.

On January 24, 2003 in Case No. WMN 02-CV-2675, the U. S. District Court, Honorable William M. Nickerson presiding, ordered the dismissal of the involuntary petition, ruling that Platinum's claims were the subject of a bona fide dispute which rendered the involuntary bankruptcy proceeding improper as a matter of law.

By Order dated March 27, 2003 the District Court granted Platinum's motion to stay the District Court's January 24, 2003 Order of Dismissal pending Platinum's appeal to the Fourth Circuit Court of Appeals.

On  February 11, 2004 the Fourth Circuit Court of Appeals issued a published opinion reversing the District Court's ruling. However, the Fourth Circuit only addressed the bona fide dispute issue and never addressed the bad faith filing and abstention issues, apparently because the District Court never ruled on those issues.

The Fourth Circuit issued its mandate on or about April 13, 2004 and remanded the case to the District Court for "further proceedings consistent with this decision" and the next day the District Court, in turn remanded the case to the Bankruptcy Court with the same instructions.

On April 26, 2004 Byrd filed a motion in the District Court requesting the District

Court to reconsider its interpretation of the Fourth Circuit's mandate and requesting the District Court to review the unreviewed issues of bad faith filing and abstention.

In the Memorandum Opinion dated June 15, 2004, Judge Nickerson expressed his view that "given the rationale and tenor of the Fourth Circuit's decision this Court is doubtful that it has the authority to consider these issues" and entered an Order denying Ralph Byrd's motion for reconsideration of the District Court's interpretation of the Fourth Circuit's mandate. The case was remanded to the Bankruptcy Court for further proceedings.

On June 25, 2004 Ralph Byrd exercised the right to convert the Chapter 7 involuntary proceeding into a Chapter 11 proceeding wherein he would attempt to present a plan for reorganization the general contours of which would include repaying all valid claims in their entirety within a reasonable time through either income from his law practice or from a loan using the equity in his home or if that failed, through his own sale of his home through a conventional real estate broker. Nevertheless, on July 14, 2004 the bankruptcy court, *sua sponte*, ordered the immediate appointment of a Chapter 11 Trustee, thereby ending Ralph Byrd's "exclusive period" for filing a plan when the exclusive period had barely begun.

Within days thereafter the newly appointed Chapter 11 Trustee employed as counsel James Hoffman, Esq., and the law firm of Shulman Rogers, Gandal, Pordy & Ecker, P.A. (hereinafter "Shulman Rogers") the same law firm that had previously represented Platinum, the sole Involuntary Chapter 7 Petitioner, in filing and prosecuting the Involuntary Petition and that had also represented the Chapter 7 Trustee until the Bankruptcy Court appointed the Chapter 11 Trustee.

4

On September 2, 2004 Ralph Byrd filed a Notice of Appeal to the U.S. District Court from the Order appointing the Chapter 11 Trustee and eliminating his exclusive period under 11 U.S.C.A. 1121.

On September 27, 2004 Ralph Byrd filed a motion for a stay pending appeal of said Order. The motion for the stay was denied on October 6, 2004.

The Chapter 11 Trustee sought immediately to sell Ralph Byrd's home, despite his co-ownership with Beverly Byrd. Therefore on November 11, 2004 Beverly Byrd had to file for Chapter 13 bankruptcy to prevent the sale of her interest in the home.

From July, 2004 through November, 2004, the Chapter 11 Trustee and his counsel generated administrative claims of close to $80,000.00.

On November 23, 2004 the Chapter 11 Trustee, through his Special Counsel, moved to consolidate Beverly Byrd's Chapter 13 case with Ralph Byrd's Chapter 11 case.

By Consent Order entered January 13, 2005 Ralph Byrd agreed to consolidate his Chapter 11 case with Beverly Byrd's Chapter 13 case and that both cases would be administered by the Chapter 13 Trustee.

On February 25, 2005 Gregory P. Johnson, the Chapter 11 Trustee, and James M. Hoffman, his Special Counsel, filed applications for administrative claims. James Hoffman's application sought payment for services and expenses for the period during which Ralph Byrd's case was in Chapter 7 as well as Chapter 11.

On March 21, 2005, Ralph Byrd filed his opposition to said administrative claims.

On March 22, 2005 the U.S. District Court notified all parties that a hearing would be held on April 14, 2005 in Case No. JFM 04-3312 on the pending appeal of the

Bankruptcy Court's Order appointing the Chapter 11 Trustee and eliminating Ralph Byrd's exclusive period under 11 U.S.C.A. 1121.

Despite the imminent hearing in the District Court on the pending appeal of the Bankruptcy Court's Order appointing the Chapter 11 Trustee and eliminating Ralph Byrd's exclusive period under 11 U.S.C.A. 1121, the Bankruptcy Court on March 28, 2005, entered an Order Approving First And Final Chapter 11 Trustee's Application For Compensation As Administrative Claimant.

On April 14, 2005 the U. S. District Court for the District of Maryland, with the consent of all parties, dismissed the pending appeal in Case No. JFM 04-3312 as moot for the reasons set forth on the record at the hearing thereon. Those reasons were that the parties all agreed that "[Appellant] could still challenge for purposes of fees the appointment of the Chapter 11 trustee as part of the confirmation process" and that the Bankruptcy Court would "revisit the appointment of the Chapter 11 trustee in the context of whether fees should be awarded." The District Court also expressly restated the agreement among all parties, i.e., that "what we're agreed upon today is that nobody will argue, and indeed, will tell the Bankruptcy Court in fairness, although the issue was presented, that the propriety of the appointment was presented on this appeal, it made no sense to litigate it in this context because, you know, the property wasn't sold. It's now in this context. So therefore nobody's going to argue that Mr. Byrd waived his right to challenge the appointment of the Chapter 11 trustee by not pursuing the appeal."

On June 27, 2005 the Bankruptcy Court held the rescheduled hearing on Ralph Byrd's objections to the administrative claims and denied said objections in their

entirety on the grounds that the substance of the objections had been previously considered and rejected by the Bankruptcy Court. However the Bankruptcy Court declined to issue an Order at that time.

On July 11, 2005 Appellant Ralph Byrd filed an opposition to the Chapter 11 Trustee's motion to convert the case to Chapter 7 on the grounds that the Chapter 11 Trustee and his Special Counsel had expressly acknowledged Ralph Byrd's continued right to challenge the appointment of the Chapter 11 Trustee in the context of his objections to the administrative claims and any appeal therefrom. Ralph Byrd argued, therefore, that the motion to convert was premature, since it was based upon the Debtors' alleged inability to fund a Chapter 13 Plan that included payment of those administrative claims. Ralph Byrd argued that if the Chapter 13 case was converted to Chapter 7 prematurely, both his long standing appeal of the appointment of the Chapter 11 Trustee and his objections to the administrative claims generated by said appointment could be rendered ineffective because the harms caused by said conversion, i.e., the appointment of a Chapter 7 Trustee and the liquidation of the Appellants' home and place of business, cannot be undone. The Appellants argued this was not the intent of the parties or Judge Motz's intent as expressed at the April 14, 2005 hearing in U.S. District Court.

On August 4, 2005 the Bankruptcy Court issued its Order granting Ralph Byrds' motion for reconsideration of the allowance of the administrative claims but denying the relief requested therein.

On August 15, 2005 the Debtors filed a timely Notice of Appeal of the Bankruptcy Court's August 4, 2005 Order.

On September 9, 2005 Ralph Byrd filed in the Bankruptcy Court a motion to stay any hearings on the Chapter 11 Trustee's motion to convert the case to Chapter 7 based upon the same grounds set forth in the Debtors' July 11, 2005 opposition to the motion to convert.

On September 26, 2005 the Chapter 11 Trustee and his Special Counsel filed in U.S. District Court in Case AW 05-2389 a Motion To Dismiss For Lack Of Jurisdiction claiming the Appellants could only challenge the administrative claim awards after they become "final" which, according to the Appellees, would only occur after the Chapter 13 plan has been converted to Chapter 7 for inability to accommodate the huge administrative claim awards and only then after the Appellants' property has been liquidated and a final dollar amount of the estate has been determined.

On April 7, 2006 the U.S. District Court in Case No. AW 05-2389 dismissed the Appellants' appeal of the appointment of the the Chapter 11 Trustee and the award of the administrative claims. As for the Appellants' right to challenge the appointment of the Chapter 11 Trustee, the District Court stated "the same issue has been appealed to this Court before Judge Motz, who ruled that although the Byrds reserved the right to challenge the propriety of the Chapter 11 trustee's fees, the issue of his appointment had already become moot. See April 14, 2005 Hearing Transcript at 9. Because this issue has already been decided, this Court sees no reason to revisit it now."

On April 17, 2006 the Appellants filed in the District Court a motion for reconsideration of the District Court's April 7, 2006 Order dismissing their appeal. The Appellants argued that the District Court failed to recognize that Judge Motz's April 14, 2005 Order reserved to the Debtors the right to challenge the appointment of the

Chapter 11 Trustee prior to consideration of the confirmation of the Debtors' Chapter 13 Plan. The Appellants also filed a motion pursuant to Fed. R. Civ. P. 60(b) for relief from the Order of District Court entered April 14, 2005 in Case No. JFM-04-3312 asking Judge Motz for clarification that his April 14, 2005 Order meant that all parties agreed that the Bankruptcy Court would revisit the issue of the appointment of the Chapter 11 trustee when deciding the propriety of the administrative claims resulting from that appointment - and that all of this would take place as part of the process of determining whether a Chapter 13 plan could be confirmed.

On May 9, 2006 Judge Motz summarily denied the Appellants' requested relief.

On August 22, 2006 this Court, citing Judge Motz's May 9, 2006 denial of the Appellants' requested relief without explanation, denied the Appellants' April 17, 2006 motion for reconsideration.

On September 21, 2006 the Appellants appealed to the Fourth Circuit Court of Appeals from the District Court's dismissal of the appeal and its denial of the Appellants' motion for reconsideration.

On September 28, 2006 the Appellants filed a motion in the U.S. District Court for a stay pending appeal to the Fourth Circuit Court of Appeals.

On December 1, 2006 the Bankruptcy Court held a hearing on a motion filed by the Chapter 7 Trustee seeking, *inter alia*, immediately to remove the Appellants from their property and make permanent alterations to the property - all prior to any final resolution of the issues pending on appeal.

The Bankruptcy Court granted the motion from the bench, ordering the Appellants to vacate the property on or before January 31, 2007. The Bankruptcy Court

also ordered the Appellants, over their objections, to produce certain documents and provide other information to the Trustee and remove themselves and their property from their home on or before January 31, 2007.

The Bankruptcy Court also authorized the Trustee, with the assistance of United States Marshals, to remove the Appellants from their home on January 31, 2007 and destroy all of the Plaintiffs remaining personal property. Said Order was entered despite the fact that Gregory Johnson and James Hoffman admitted in open court that it would be impossible for the Plaintiffs to move themselves and their property from their home on such short notice at the same time that Ralph Byrd was required to meet his obligations to his clients.

On December 6, 2006 the U.S. District Court denied the Appellants' Motion For A Stay Pending Appeal. The District Court implied that it denied the stay in order to moot the appeal and end the Appellants' continued challenge to the Trustee's efforts to liquidate the Appellants' property because, according to the District Court, said challenge "reeks of flagrant abuse" of the judicial process. The District Court stressed throughout the Memorandum Opinion and reiterated in its conclusion "[w]hat leaps out at this Court is the barrage of pleadings filed by Appellants and the statements and inferences drawn by the Bankruptcy Court suggesting that Appellants' efforts have been designed to frustrate the judicial process."

On December 11, 2006 the Bankruptcy Court entered a written Order Granting The Motion Of Chapter 7 Trustee To Authorize The Removal Of Persons And Property From 4901 Sundown Road, Laytonsville, MD And Issuing Writ Of Assistance.

On December 21, 2006 the Appellants asked the U.S. Bankruptcy Court to

reconsider said Order. On December 28, 2006 the U.S. Bankruptcy Court entered an

Order denying the Appellants' motion for reconsideration.[1]

On January 12, 2007 the Appellants sought a stay pending appeal from the

Fourth Circuit Court of Appeals. The Appellees vigorously opposed the stay, citing,

among other things, the language in the District Court's December 6, 2006 denial of the

Appellants' Motion For A Stay Pending Appeal that the Appellants' continued challenge

to the liquidation of their home "reeks of flagrant abuse" suggesting that Appellants'

efforts "have been designed to frustrate the judicial process."

Despite the Appellants' best efforts to remove themselves and all their personal

property from their home and place of business by January 31, 2007 they were still in

the process of doing so when on February 6, 2007 Appellee James Hoffman and his

agents as well as U.S. Marshalls came to the Appellants' home and place of business

while the Appellants' were still removing their property and began throwing it into

dumpsters. Said property included personal property belonging to each of the

Appellants and their three sons including furniture and other household furnishings

and supplies, clothing, books, priceless mementos, documents, art work and supplies,

photographs, farm equipment and children's toys. The amount of personal property

that was destroyed filled more than eight huge dumpsters and was worth more than

twenty-five thousand dollars but included many items which were invaluable to the

Appellants.

---

[1]     The Bankruptcy Court also took what it acknowledged to be "the extraordinary
measure" of advising the Trustee and his counsel that they no longer need to file any
responses to the Debtors' filings. *Id.* at pg. 7. According to the Bankruptcy Court, citing
*Willemain v. Kivitz* 764 F.2d 1019 (4th Cir. 1985) the Appellants lack standing to object to
claims or any other matters of the estate because the enormous administrative claims
have now rendered the estate insolvent. The Bankruptcy Court had apparently
completely lost sight of the fact that the administrative claims were the subject of a
pending appeal in the Fourth Circuit Court of Appeals.

On March 23, 2007 the Trustee filed a motion to sell the Appellants' home free and clear of all liens and interests. On March 27, 2007 the Bankruptcy Court set a deadline of April 12, 2007 for objections to the motion.

On April 12, 2007 Appellants filed their objections to the sale of their home. That very same day Appellant Ralph Byrd received a letter from the Attorney Grievance Commission of Maryland stating that charges were being brought against him.[2] See Exhibit 1. Ralph Byrd received a second notice of charges dated May 22, 2007. Exhibit 2.

Appellant Ralph Byrd also learned for the first time that the Trustee and his counsel had engaged in extensive communications with the Attorney Grievance Commission over a period of several months seeking Ralph Byrd's disbarment.[3] The Trustee and his counsel had copied more than four inches of documents provided to them by the Appellants in response to the Trustee's demands for documents supposedly necessary for the administration of the bankruptcy estate. The Trustee sent these documents together with annotations raising "questions" as to the truthfulness of the documents at the same time the very allegations were the subject of a motion for sanctions filed by the Trustee pending in the Bankruptcy Court claiming the documents were false or incomplete. Appellant Ralph Byrd was advised by the Attorney Grievance Commission of his right to respond to these allegations.

---

[2] Ralph Byrd already knew he was being investigated by the Attorney Grievance Commission as a result of a complaint being filed against him by attorneys at the law firm of Peroutka & Peroutka which represents several of the credit card companies that are plaintiffs in the state court cases in which Ralph Byrd represents the defendants. Those allegations were that Ralph Byrd used litigation tactics in state court that violated the rules of professional conduct. The Peer Review Committee of the Attorney Grievance Commission held a hearing on June 26, 2007 and recommended that the charges be dismissed.

[3] On June 26, 2007 the Attorney Grievance Commission's Peer Review Committee convened a hearing on the first round of charges brought against Ralph Byrd and recommended that the charges be dismissed.

On April 23, 2007 Appellant Ralph Byrd chose to respond by filing a complaint for abuse of process, civil conspiracy, and constructive trust in the Circuit Court for Montgomery County Maryland, and mailing a copy to the Trustee.[4]

That same day the Bankruptcy Court held a hearing and granted the Trustee's motion to sell the Appellants' property over their objections.

On April 25, 2007 the Court entered an Order Authorizing Trustee To Enter Into Sales Agreement And Approving Sale Of Certain Real Property Free And Clear Of All Liens, Claims, Interests And Encumbrances over the objections of the Debtors. In the Order the Court took the unusual step of making the Order immediately effective and not subject to the usual ten day automatic stay.

On May 7, 2007 the Debtors timely appealed said Order.

Also on May 7, 2007 the Trustee filed an Emergency Motion For Sanctions for Violation of the Automatic Stay and an Emergency Motion to Shorten Time to Respond.

Two days later, on May 9, 2007 the Bankruptcy Court scheduled a hearing for May 16, 2007 and set a response deadline of May 14, 2007. On May 16, 2007 the Bankruptcy Court, *sua sponte*, continued the hearing to May 23, 2007.

However, on May 18, 2007, without holding any hearing, the Bankruptcy Court granted most of the relief the Trustee requested and issued an Order Granting in Part Emergency Motion For Relief from the Automatic Stay, Enjoining Respondents and Declaring Complaint Void in Part. Said order declared portions of the Appellants' state court complaint void as violating the automatic stay and enjoined the Appellants from

---

4      The Appellants subsequently amended the complaint after receiving the second notice of charges . A copy of the Second Amended Complaint is attached hereto as Exhibit 3.

pursuing any action against the Trustee and his counsel without first seeking leave of the Bankruptcy Court.

On May 23, 2007 the Bankruptcy Court *sua sponte* continued the hearing again to June 13, 2007 but for purposes of determining sanctions only.

On May 24, 2007 the Appellants filed an Emergency Motion for Stay Pending Appeal of Order Authorizing Trustee to Enter into Sales Agreement and Approving Sale of Certain Real Property Free and Clear Due to Newly Discovered Evidence. That Motion directed the Bankruptcy Court's attention to new correspondence he received from the Attorney Grievance Commission of Maryland. The Appellants contended that the newly discovered evidence demonstrated that the Trustee and his counsel have been acting in bad faith and with improper intent in the Trustee's efforts to sell the Appellants' home.

That same day, without a hearing or response from opposing counsel, the Bankruptcy Court sua sponte denied the motion for the stay pending appeal.

On June 1, 2007 the Trustee filed a second Emergency Motion For Contempt claiming the Appellants' second amended complaint in the state court action was another violation of the automatic stay.

On June 4, 2007 the Appellants asked the Bankruptcy Court to reconsider its Order Granting In Part Trustee's Emergency Motion for Relief from the Automatic Stay, Enjoining Respondents and Declaring Complaint Void.

On June 6, 2007 the Bankruptcy Court issued an Order Setting Briefing Schedule And Hearing On Trustee's Emergency Motion For Relief Due To Flagrant Violations Of This Court's Order Entered May 18, 2007. The Bankruptcy Court scheduled a hearing

for June 29, 2007  and ordered the Appellants to file any responses or objections to the Sanctions Motion by June 18, 2007. The Bankruptcy Court also ordered that a hearing on the Sanctions Motion would be held on June 29, 2007.

On June 7, 2007 the Bankruptcy Court issued an order denying the Appellants' motion to reconsider the Order Granting In Part Trustee's Emergency Motion for Relief from the Automatic Stay, Enjoining Respondents and Declaring Complaint Void in Part. The Bankruptcy Court's denial of reconsideration stated "[N]o valid ground's stated for reconsideration. The Byrd's contention that their alleged claim against the Property survives the sale order was properly addressed in the Memorandum of Decision. ... The fact that they surreptitiously filed a state court complaint minutes before the sale hearing while never asserting at the sale hearing (or for a month thereafter) that their alleged claim against the Property would survive the sale order, not only does not save them from the Court's conclusion that they waived this contention, it is substantial evidence of their bad faith."

On June 13, 2007 the Bankruptcy Court sua sponte continued the hearing again until July 18, 2007.

On June 14, 2007 the Appellants filed a Notice of Appeal to District Court of the Bankruptcy Court's May 24, 2007 Amended Order Granting In Part Trustee's Emergency Motion For Relief Due To Violations Of Automatic Stay, Enjoining Respondents And Declaring Complaint Void In Part and from the June 7, 2007 Order Denying Reconsideration.

On June 28, 2007 the U.S. Court of Appeals for the Fourth Circuit issued its Opinion in *Beverly S. Byrd et al., v. Gregory Johnson, et al.* Case No. 06-2042.

The Opinion states, *inter alia*:

> We have reviewed the record and the briefs filed by the parties and
> we affirm the dismissal order substantially on the reasoning of the
> district court. ... However, we note that, contrary to the district court's
> conclusion, the issue of the appointment of the Chapter 11 trustee had
> not been decided in Ralph Byrd's prior appeal; rather, the district court
> dismissed the prior appeal as moot, with the understanding that Byrd's
> challenge to the propriety of the trustee's appointment would be presented
> to the bankruptcy court in the context of whether fees should be awarded.
> We agree, however, with the district court's dismissal of this portion of
> the appeal., on the modified basis that it is interlocutory, rather than based
> on res judicata.

See copy of Per Curiam Opinion attached as Exhibit 4

On July 6, 2007 the Appellants filed a Motion For Stay Pending Appeal of Order

Granting In Part Trustee's Emergency Motion for Relief from the Automatic Stay,

Enjoining Respondents and Declaring Complaint Void in Part. That Motion is still

pending.

On July 12, 2007 the Appellants filed in the Fourth Circuit a Petition For

Rehearing. A copy is attached as Exhibit 5

## ARGUMENT

### I. There Is No Authority For The Proposition That A State Court Complaint Can Violate The Automatic Stay Or The Barton Doctrine Before The Complaint Is Even Served.

The Bankruptcy Court's May 18, 2007 Memorandum found that the Debtors

violated the automatic stay and the Barton Doctrine simply by filing the complaint in

state court. However, not one of the cases cited by the Court to support its decision that

the Debtors violated the automatic stay and the Barton Doctrine involved a complaint

that had only been filed but not yet served. The distinction is not insignificant. Unless

and until the complaint has been served no party can claim to have been harmed or

otherwise aggrieved. Under such circumstances it is doubtful that the Bankruptcy Court

16

has jurisdiction to rule (much less impose sanctions) on a matter that is not yet ripe for consideration. Furthermore the mere filing of the state court complaint does not create any jurisdictional nexus with the Bankruptcy Court through either removal to federal court or by reason that the state court seeks to assert jurisdiction over the Trustee.

While the Bankruptcy Court's May 18, 2007 decision cites the *Amedisys* case for the principle that a complaint for a constructive trust violates the automatic stay,   in *Amedisys* the state court complaint was not only served, it was also removed to federal court.

**II.     Since The Debtors'  State Court Complaint Was Filed In Response To State Court Activity By The Trustee And His Counsel Against Appellant Ralph Byrd, The State Court Complaint Violated Neither The Automatic Stay Nor The Barton Doctrine.**

None of the cases cited by the Bankruptcy Court in its decision  involved a state court complaint filed in response to state court activity initiated by the Trustee as was done in this case. The Trustee's communications with the Maryland Attorney Grievance Commission were in no way related to the Trustee's duties under the Bankruptcy Code. The Trustee and his "Special" counsel copied four inches of documents filed by the Debtors in response to the Bankruptcy Court's Order and sent them along with annotations raising "questions" as to the truthfulness of the documents at the same time that the very allegations were the subject of the Trustee's motion for sanctions pending in the Bankruptcy Court. The Trustee and his counsel engaged in extensive communications with the Attorney Grievance Commission over a period of several months seeking Ralph Byrd's disbarment.[5] Ralph Byrd was compelled to respond to these allegations.

[5]     On June 26, 2007 the Attorney Grievance Commission's Peer Review Committee convened a hearing on the first round of charges brought against Ralph Byrd by Peroutka & Peroutka, P.A. and recommended that the charges be dismissed.

Since the filing of such allegations is the first step in the commencement of an action by the Attorney Grievance Commission in state court to seek disciplinary action, it is not a violation of the automatic stay for Ralph Byrd to file a state court complaint that is responsive or defensive in nature. *See In re Saxon Industries, Inc.*, Bkrtcy. S.D.N.Y. 1984, 43 B.R. 64; *In re Briarwood Hills Associates, L.P.*, Bkrtcy.W.D. Mo.1999, 237 B.R. 479; *In re Filby,* Bkrtcy. D.N.H.1998, 225 B.R. 532.

### III.   The Constructive Trust Count In The State Court Complaint Did Not Violate The Automatic Stay Where The Constructive Trust Count Is Contingent On The Outcome Of The State Court Litigation As Well As The Discretion Of The State Court?

The only case cited in the Bankruptcy Court's May 18, 2007 decision for the proposition that a complaint for a constructive trust violates the automatic stay is cites *Amedisys, Inc. v. Nat'l Century Fin. Enters.*, 423 F.3d 567 (6th Cir. 2005). However, the constructive trust claim in that case sought actively to interfere with the administration of the estate property, while the constructive trust sought by the Debtors in their state court case is in the form of a remedy at the discretion of the state court, to be applied, if at all, only after a finding that there was an abuse of process. The constructive trust in *Amedisys* was sought not as a remedy contingent on the outcome of an underlying claim of wrongdoing, but as an end in itself. Since the constructive trust filed here would be contingent on the outcome of the underlying state court litigation it would be more akin to a simple lis pendens which has been held by the Fourth Circuit <u>not</u> to violate the automatic stay. *See In re Knightsbridge Dev. Co.* 884 F. 2d 145 (4th Cir. 1989).

### IV.   11 U.S.C.A. 363(f)1 Expressly Makes Sales Of Estate Property Subject To Such A Complaint.

The Bankruptcy Court, citing <u>In re Varat</u>, 81 F.3d 1310, 1317 (4th Cir. 1996) ruled on pages 22 -23 of its Memorandum that "the Debtors have waived their contention

that their claim for a constructive trust against the Property survives the Order" by not expressly raising the constructive trust objection at the hearing on the motion to sell the property free and clear.

However, the Court overlooks the fact 11 U.S.C.A. 363f(1), upon which the Debtors rely, expressly makes the sale subject to nonbankruptcy law. Since Maryland Rule 12-102(b) provides that in any action to which the doctrine of lis pendens is applicable, the filing of the complaint, itself, commences and is constructive notice of, the lis pendens, the Appellants provided adequate notice of their claim under nonbankruptcy law. "Lis pendens" literally means "pending suit". Under the doctrine of lis pendens, one who, with actual or constructive notice of the pending litigation, acquires an interest in the property pending litigation, takes subject to the result of such litigation. The rationale for the doctrine is that Maryland law does not permit parties to give to others pending litigation, the right to property in dispute, so as to prejudice the opposite party. *See, e.g. Greenpoint Mortg. Funding Inc. v. Schlossberg* 390 Md. 211, 888 A.2d 297 (2005); *Weston Builders & Developers, Inc. v. McBerry, LLC*., 167 Md. App. 24, 891 A.2d 430 (2006).

Furthermore, as the Bankruptcy Court noted, the Appellants did appear at the sale hearing and did expressly object to the sale, thereby showing that they did not consent to the sale within the meaning of 11 U.S.C.A. 363f(2).

In addition, the Memorandum states on page 24 that "the Debtors cite no authority for their contention that, under Maryland law, real property cannot be sold free and clear of an inchoate claim for imposition of a constructive trust as a remedy for alleged wrongdoing." As cited above, there is considerable and long-standing authority

19

for the Debtors' contention.

Finally, the Memorandum also states on page 24 "it cannot seriously be contested that the Respondents' constructive trust claim is not subject to a bona fide dispute." However, even though the underlying abuse of process claim may be subject to dispute, the lis pendens that arises from the constructive trust claim is not, and can not be in dispute. The lis pendens was created by operation of Maryland law upon the filing of the complaint for a constructive trust and, pursuant to 11 U.S.C.A. 363f(1), it preserves the Appellants' rights to the Property pending the outcome of the suit for the constructive trust in Maryland state court.

### V. The Bankruptcy Court Committed Error In its Order Denying Reconsideration When, Without Conducting A Hearing Or Otherwise Taking Evidence It Made A Finding That The Debtors "Surreptitiously" Filed The State Court Complaint ?

On June 7, 2007 the Bankruptcy Court issued an order denying the Appellants' motion to reconsider the Order Granting In Part Trustee's Emergency Motion for Relief from the Automatic Stay, Enjoining Respondents and Declaring Complaint Void in Part. The Bankruptcy Court's denial of reconsideration stated "[N]o valid ground's stated for reconsideration. The Byrds' contention that their alleged claim against the Property survives the sale order was properly addressed in the Memorandum of Decision. ... The fact that they surreptitiously filed a state court complaint minutes before the sale hearing while never asserting at the sale hearing (or for a month thereafter) that their alleged claim against the Property would survive the sale order, not only does not save them from the Court's conclusion that they waived this contention, it is substantial evidence of their bad faith."

Surely the Bankruptcy Court should have heard from the Appellants on this

question before it reached the factual conclusion that the Appellants acted "surreptitiously," thereby showing "substantial evidence of bad faith."

The fact of the matter is that the Bankruptcy Court had complained previously when the Appellants would, according to the Bankruptcy Court, make belated arguments at hearings. The Bankruptcy Court had admonished the Appellants on at least two occasions that it wanted notice well ahead of time of any arguments the Appellants intended to make at a hearing on any particular matter. See docket entries P346 at 4 and P422 at 9. The Bankruptcy Court had also set April 12, 2007 as the deadline for objections to the sale of the Appellants' home. However, the Statement of Charges from the Attorney Grievance Commission, which prompted the filing of the state court action in response thereto, was not written until April 10, 2007 and not received by the Appellants until April 12, 2007, the very deadline for filing objections to the sale.

Furthermore there was no need for the Appellants to assert that the Appellants' state court claim survived the sale order until it was argued by the Appellees that the claim did not survive the sale order. Clearly the Bankruptcy Court erred when it attributed bad faith motives to the Appellants without affording them an opportunity to explain themselves.

## CONCLUSION

For all the reasons set forth above, the Appellants respectfully request that this Honorable Court reverse the decision of the Bankruptcy Court with respect to the Orders which are the subject of this appeal.

Respectfully submitted

_____

Ralph T. Byrd, <u>pro se</u>
4901 Sundown Road
Laytonsville, Maryland 20882
(301) 774-3117
Bar No. 25559

## REQUEST FOR ORAL ARGUMENT

Appellants hereby respectfully requests oral argument on his appeal.

_____

Ralph T. Byrd

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of July, 2007, a copy of the foregoing

was transmitted via ECF or mailed first class postage prepaid to:

Gregory P. Johnson, Esq.
7237 Hanover Parkway, Suites C & D
Hanover Office Park
Greenbelt Maryland 20770-3602

and

James Hoffman, Esq.,
11921 Rockville Pike, 3rd Floor
Rockville, Maryland 20852-2743

and

Office of the United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt Maryland 20770

_____

Ralph T. Byrd