# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND, SOUTHERN DIVISION
(at Greenbelt)

CIVIL APPEAL NO. AW 07-1730

BEVERLY BYRD, et al.

Appellants

v.

JAMES M. HOFFMAN, et al.

Appellees

_____

REPLY OF APPELLEES

_____

On Appeal from the United States Bankruptcy Court
for the District of Maryland (at Greenbelt)
(The Honorable Thomas J. Catliota)

In Re: Ralph T. Byrd and Beverly S. Byrd, Case No. 04-35620-TJC

_____

James M. Hoffman, Esquire
John D. Sadler, Esquire
Shulman, Rogers, Gandal,
 Pordy & Ecker, P.A.
11921 Rockville Pike, #300
Rockville, Maryland 20852-2743
(301) 230-5243
**Attorneys for Appellees**

# TABLE OF CONTENTS

STATEMENT OF APPELLATE JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## STATEMENT OF APPELLATE JURISDICTION

The Bankruptcy Court's rulings of law are reviewed *de novo* on appeal, and the Bankruptcy Court's factual findings are reviewed for clear error. *Foley & Lardner v. Biondo (In re: Biondo)*, 180 F.3d 126, 130 (4th Cir. 1999). *See, also,* Fed.R.Bankr.P.8013.

## STATEMENT OF ISSUES PRESENTED

I. Whether the Bankruptcy Court properly granted the Trustee's Emergency Motion for Relief Due To Violations of the Automatic Stay, Enjoining Respondents and Declaring Complaint Void in Part and properly denied the Appellants' Motion to Reconsider.

## ARGUMENT

To date, the Appellants have filed the following District Court appeals:

- A. 02-cv-02675JFM;
- B. 03-cv-00600PJM;
- C. 04-cv-03312JFM;
- D. 05-cv-02389AW;
- E. 06-cv-00895AW;
- F. 06-cv-02704AW;
- G. 07-cv-00328AW; and
- H. 07-cv-01421AW.

To date, the Appellants have filed the following appeals to the Fourth Circuit:

- A. 06-2042;
- B. 07-1126;
- C. 07-1138; and

D.     07-1336.

There are three (3) separate Motions for Sanctions pending against the Appellants in the Bankruptcy Court for: (i) failure to comply with a Bankruptcy Court Order to produce documentation and information; (ii) violations of the automatic stay and the Barton Doctrine; and (iii) violations of the Court's order issuing an injunction against the Appellants and their adult children to prevent further violation of the automatic stay and the Barton Doctrine.

On July 27, 2007, the Appellants and Appellees appeared in the Circuit Court for Montgomery County, Maryland for the Scheduling Conference in Case No. 281858. Judge Scrivener dismissed the Appellants' Second Amended Complaint as to the Appellees with prejudice based on the Appellants' knowing and continued violations of the automatic stay and the Barton Doctrine as found by the Bankruptcy Court.

The Appellants continue to file pleadings in bad faith and act in a manner with their intent being to frustrate the administration of their Estate. Appellants lack a financial interest in the outcome of their frivilous appeals since the assets of their Estate are not sufficient to satisfy the administrative claims against the Estate, and there are certainly not sufficient assets to pay all creditors in full and make a distribution to the Appellants. See, Willemain v. Kivitz, 764 F.2d 1019 (4th Cir. 1985).

The Fourth Circuit previously stated about Ralph T. Byrd that "[t]he Bankruptcy Code does not require that a debtor's assets be dissipated while frivolous or hopeless appeals wend their way through the courts, . . . ." In re Byrd, 357 F.3d 433, 441 (4th Cir. 2004). Despite the Fourth Circuit's foresight, the Appellants' Estate has been forced to endure the Appellants' wrongdoing which has ultimately resulted in an administrative insolvency of the Estate.

It is clear from the Appellants' actions that they are not acting in good faith. The Appellants' Estate is administratively insolvent and it cannot continue to reply to every frivolous appeal filed by the Appellants. Consequently, the Appellees proffer and rely on the analysis contained in (i) Appellees' Emergency Motion for Relief Due to Violations of the Automatic Stay dated May 7, 2007, attached hereto as **Exhibit 1**; (ii) the Bankruptcy Court's May 24, 2007 Amended Order Granting in Part Trustee's Emergency Motion for Relief Due to Violations of the Automatic Stay, Enjoining Respondents and Declaring Complaint Void in Part attached hereto as **Exhibit 2**; (iii) the Bankruptcy Court's June 7, 2007 Order Denying Reconsideration attached hereto as **Exhibit 3;** and (iv) Appellees' Emergency Motion for Relief Due to Flagrant Violations of This Court's Order Entered May 18, 2007 attached hereto as **Exhibit 4**.

    Respectfully submitted,

    SHULMAN, ROGERS, GANDAL,
     PORDY & ECKER, P.A.

    By: /s/ James M. Hoffman
     James M. Hoffman
     John D. Sadler

    11921 Rockville Pike, Suite 300
    Rockville, Maryland 20852
    (301) 230-5200

G:\50\Johnson\Byrd2\brief.dist.5.24.wpd

## CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that a copy of the foregoing Appellee Brief was sent this 15th day of August, 2007 via first class mail, postage prepaid to the following:

Ralph T. Byrd
Beverly S. Byrd
P.O. Box 5278
Laytonsville, MD 20882

Ralph T. Byrd
Beverly S. Byrd
4901 Sundown Road
Laytonsville, Maryland 20882

Gregory Johnson, Esq.
1213 Cabinwood Place
Silver Spring, MD 20904

                                            /s/ James M. Hoffman
                                               James M. Hoffman